

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN 11, TEXAS

GERALD C. MANN
~~WILLIAM WILSON~~
ATTORNEY GENERAL

Honorable J. O. Loftin, President
Texas College of Arts and Industries
Kingsville, Texas

Dear Mr. Loftin:

Opinion No. 0-2991

Re: Whether or not a person simultaneously may serve on the Board of Directors of the Texas College of Arts and Industries and at the same time serve as the County Superintendent of Public Instruction of a county in Texas with a population of 13,305.

We acknowlege receipt of your letter of December 21, 1940, propounding for a legal opinion the following question:

"May a person simultaneously serve on the Board of Directors of the Texas College of Arts and Industries and at the same time serve as the County Superintendent of Public Instruction of a county in Texas with a population of 13,305?"

Your inquiry should be answered in the affirmative.

Section 33 of Article XVI of the Constitution provides:

"The accounting officers of this State shall neither draw nor pay a warrant upon the treasury in favor of any person, for salary or compensation as agent, officer or appointee, who holds at the same time any other office or position of honor, trust or profit, under this State or the United States, except as prescribed in this Constitution. Provided, that this restriction as to the drawing and paying of warrants upon the treasury shall not apply to officers of the National Guard of Texas, the National Guard Reserve, the Officers Reserve Corps of the United States, nor to enlisted men of the National Guard, the National Guard Reserve, and the Organized Reserves of the United States."

Assuming, as we do, that the office of County Superintendent of Public Instruction has been lawfully created in the county to which you refer, it necessarily follows that the incumbent of such office holds an office or position of honor, trust, or profit, under this State, within the meaning of the above-quoted constitutional provision.

The same thing may be said of the office or position of a member of the Board of Directors of the Texas College of Arts and Industries, so that this office likewise falls within the scope of the provision quoted.

Our answer above given is subject to this qualification: The Board member would not be entitled to receive compensation from the State for his services as such member.

The matter is controlled by our Opinion No. O-1422, to which you refer in your letter, wherein we held that a member of the Board of Directors of the Texas College of Arts and Industries could at the same time serve as a member of the Board of Trustees of an independent school district, but in doing so he would forfeit all right to any compensation to which he might have been entitled as a member of the Board of Directors.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By s/Ocie Speer
    Ocie Speer
    Assistant

OS--MR--wc

APPROVED JAN 6, 1941
s/Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

Approved Opinion Committee By s/BWB Chairman